

CLERK'S OFFICE
A TRUE COPY
Mar 09, 2026
s/ OH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person, property, or object to be tracked )*<br><br>a gold Mitsubishi Galant,<br>bearing Wisconsin plates numbered AVK-4522 | )<br>)<br>)<br>)<br>)<br>)    Case No. **26-M-316** |

## TRACKING WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government shows there is reason to believe that the person, property, or object described above has been involved in and likely will continue to be involved in the criminal activity identified in the application, and ✓ is located in this district;     is not now located in this district, but will be at execution;     the activity in this district relates to domestic or international terrorism;     other: _____ .

I find that the affidavit(s), and any recorded testimony, establish probable cause to believe that
*(check the appropriate box)*     using the object   ✓   installing and using a tracking device
to monitor the location of the person, property, or object will satisfy the purpose set out in Fed. R. Crim. P. 41(c) for issuing a warrant.

I find entry into the following vehicle or onto the following private property to be necessary without approval or knowledge of the owner, custodian, or user of the vehicle or property for installing, maintaining, and removing the tracking device: vehicle: a gold Mitsubishi Galant, bearing Wisconsin plates numbered AVK-4522
     private property: 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212

**YOU ARE COMMANDED** to execute this warrant and begin using the object or installing the tracking device within ten days from the date of this order and may continue use for 45 days. The tracking may occur within this district or another district. To install, maintain, or remove the device, you may enter *(check boxes as appropriate)*

✓ into the vehicle described above     onto the private property described above

in the daytime only *(i.e., 6:00 a.m. to 10:00 p.m.)*. ✓ at any time of day or night because good cause has been established.

Within 10 calendar days after the use of the tracking device has ended, the officer executing this warrant must both return it to United States Magistrate Judge *(name)*   Hon. Stephen C Dries   and — unless delayed notice is authorized below — serve a copy of the warrant on the person who, or whose property or object, was tracked.

✓ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property or object, will be tracked *(check the appropriate box)*      for ____ days *(not to exceed 30)*

✓ until, the facts justifying, the later specific date of   09/01/2026   .

Date and time issued:   3-9-26. 10:30 am          _____
*Judge's signature*

City and state:      Milwaukee, Wisconsin          Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

Case No.

### Return of Tracking Warrant With Installation

1. Date and time tracking device installed: _____

2. Dates and times tracking device maintained: _____

3. Date and time tracking device removed: _____

4. The tracking device was used from *(date and time)*: _____

    to *(date and time)*: _____.

### Return of Tracking Warrant Without Installation

1. Date warrant executed: _____

2. The tracking information was obtained from *(date and time)*: _____

    to *(date and time)*: _____.

### Certification

I declare under the penalty of perjury that this return is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

*Subscribed, sworn to, and returned before me this date:*

_____      Date:_____

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

**CLERK'S OFFICE**
**A TRUE COPY**
**Mar 09, 2026**
**s/ OH**
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

|  |  |
|---|---|
| In the Matter of the Tracking of<br>*(Identify the person to be tracked or describe*<br>*the object or property to be used for tracking)*<br>a gold Mitsubishi Galant,<br>bearing Wisconsin plates numbered AVK-4522 | )<br>)<br>)<br>)<br>)<br>) |

Case No.    26-M-316

## APPLICATION FOR A TRACKING WARRANT

I, a federal law enforcement officer or attorney for the government, have reason to believe that the person, property, or object described above has been and likely will continue to be involved in one or more violations of ___21___ U.S.C. § _846/841(a)(1)_ . Therefore, in furtherance of a criminal investigation, I request authority to install and use a tracking device or use the tracking capabilities of the property or object described above to determine location.  The application is based on the facts set forth on the attached sheet.

☑ The person, property, or object is located in this district.

☐ The person, property, or object is not now located in this district, but will be at the time of execution.

☐ The activity in this district relates to domestic or international terrorism.

☐ Other:

The tracking will likely reveal these bases for the warrant under Fed. R. Crim. P. 41(c): *(check one or more)*

☑ evidence of a crime;

☑ property designed for use, intended for use, or used in committing a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ a person to be arrested or a person who is unlawfully restrained.

☑ I further request, for purposes of installing, maintaining or removing the tracking device, authority to enter the following vehicle or private property, or both:
vehicle: a gold Mitsubishi Galant, bearing Wisconsin plates numbered AVK-4522
private property: 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212

☑ Delayed notice of ____ days (give exact ending date if more than 30 days:    09/01/2026    ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

PATRICK COE
Digitally signed by PATRICK COE
Date: 2026.03.06 13:07:12 -06'00'

*Applicant's signature*

Attested to by the  applicant in accordance with the requirements of Fed. R. Crim. P.4.1 by telephone.

Patrick Coe, DEA Task Force Officer
*Applicant's printed name and title*

Date:    3-9-26

*Judge's signature*

City and state:    Milwaukee, Wisconsin

Honorable Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Patrick Coe, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to install and monitor an electronic tracking device to determine the location of vehicles regularly utilized by Dontrell D. DOLTON, (black male [B/M], DOB: 04-28-1989), more particularly described as a gold Mitsubishi Galant, bearing Wisconsin plates numbered AVK-4522 (hereinafter "**SUBJECT VEHICLE**").

2.     I am a Task Force Officer with the Drug Enforcement Administration and have been since November 2020. I have been an officer with the Milwaukee Police Department for approximately 15 years.  I have participated in the investigation of narcotics-related offenses, resulting in the prosecution and conviction of numerous individuals and the seizure of illegal drugs, weapons, stolen property, millions of dollars in United States currency, and other evidence of criminal activity. As a narcotics investigator, I have interviewed many individuals involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the traffickers and abusers of controlled substances.  I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, analysis of phone and financial records, and arrests of numerous drug traffickers. I have been the affiant on many search warrants. I have also spoken on numerous occasions with other experienced narcotics investigators, both foreign and domestic, concerning the methods and practices of drug traffickers and money launderers. Furthermore, I have attended training courses, which specialized in the

investigation of drug trafficking and money laundering. Through these investigations, my training and experience, and conversations with other law enforcement personnel, I have become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-derived proceeds. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. Throughout this affidavit, reference will be made to case agents. Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom I have had regular contact regarding this investigation. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

3.    Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1) and 846, have been committed, are being committed, and will be committed by Dontrell D. DOLTON and others not yet identified. There is also probable cause to believe that the location of the **SUBJECT VEHICLE** will constitute evidence of those criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

4.    The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i)

2

<u>**PROBABLE CAUSE**</u>

5.      In January, 2026 a Confidential Source, (hereinafter referred to as the CS),[1] informed investigators of a subject the CS knew as "T-Rex." "T-Rex" had given the CS his phone number (i.e., 414-644-2328) and indicated that he could sell the CS fentanyl and firearms.

6.      Upon conducting an open-source search of the phone number 414-644-2328, investigators learned that the number was linked to a person named "Terrance McClinton." Your Affiant searched the Milwaukee Police Department database and found a booking photograph for Terrance M. MCCLINTON (B/M, 06-25-1986). When your Affiant showed the CS a series of photographs, which included a photograph of MCCLINTON, the CS positively identified the photograph of MCCLINTON as the person who the CS knew as "T-Rex." MCCLINTON was previously convicted in Milwaukee County, Wisconsin of the felony offense of armed robbery (case no.: 2005CF003089). MCCLINTON is currently on active community supervision.

*Controlled Buy – February 2, 2026*

7.      On Monday, February 2, 2026, your Affiant had the CS conduct a controlled buy of an ounce of fentanyl from MCCLINTON. Prior to the controlled buy, investigators searched the CS and his/her vehicle at the Milwaukee District Office, yielding negative results. Your Affiant also provided the CS with pre-recorded DEA funds to buy the fentanyl. The CS then called MCCLINTON at the 414-644-2328 number. During the call, MCCLINTON directed the CS to

---

[1] Affiant believes CS to be a credible person for the following reasons. CS has been in consistent communication with investigators. CS has made statements against their penal interest for the purpose of assisting law enforcement. CS has been responsive to law enforcement. CS provided information that investigators have independently corroborate. CS has conducted several controlled buys at the direction of law enforcement which has led to multiple targets and several investigations. CS has been convicted of two felonies. CS is currently working with law enforcement for judicial consideration.

3

meet near a residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212.

8.      Upon arrival at the residence, MCCLINTON entered the passenger's side of the CS's vehicle.  MCCLINTON informed the CS that he was waiting on his source of supply. While waiting, MCCLINTON also informed the CS that he has a cousin who was able to purchase firearms for resale to felons. Soon thereafter, MCCLINTON received a call from an unknown person. Simultaneously, investigators observed a gold Mitsubishi Galant (hereinafter the "**SUBJECT VEHICLE**") park behind the CS's vehicle. The **SUBJECT VEHICLE** had a Wisconsin registration plate, bearing numbers AVK-4522,[2] placed in the **SUBJECT VEHICLE**'s front window. MCCLINTON then exited the CS's vehicle, proceeded to the **SUBJECT VEHICLE**, where he sat in the rear passenger compartment for approximately 30 seconds. MCCLINTON then exited the **SUBJECT VEHICLE** and returned to the CS's vehicle, where he again sat in the passenger's seat. At this time, MCCLINTON gave the CS a clear plastic sandwich bag, filled with a light red substance suspected to be fentanyl, in exchange for the CS giving MCCLINTON the pre-recorded DEA funds.

9.      After this transaction, MCCLINTON exited the CS's vehicle, returned to the **SUBJECT VEHICLE**, where he sat inside for approximately a minute, he then exited the **SUBJECT VEHICLE**, and walked into the residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212.  After the controlled purchase, the CS provided the suspected fentanyl, which weighed 26.1 grams, to investigators.  Your Affiant subsequently conducted a Narc II field test on the suspected fentanyl, which yielded positive results for fentanyl.

---

[2] The AVK-4522 plate is registered owner Luella A. ANDERSON, DOB: 09-25-1972, with a listed address of 5921 N. 27th Street Milwaukee, WI 53209. No vehicle was associated with this registration.

4

Based on the foregoing events, your Affiant believes the operator of the **SUBJECT VEHICLE** had supplied MCCLINTON the suspected fentanyl that was sold to the CS on February 2, 2026.

*Controlled Buy – February 17, 2026*

10.     On Tuesday, February 17, 2026, your Affiant had the CS introduce MCCLINTON to two undercover law enforcement officers (UC#1 and UC#2). After the introduction, UC#1 planned to conduct a controlled purchase of an ounce of fentanyl from MCCLINTON.  Before the controlled purchase, investigators searched the CS and the CS's vehicle, yielding negative results. The CS then called MCCLINTON at the 414-644-2328 number.  During the call, MCCLINTON directed the CS, UC#1, and UC#2 to meet near the residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212.  Your Affiant also provided UC#1 with pre-recorded DEA funds to buy the fentanyl.

11.     While driving to the meet location in the undercover (UC) vehicle, the CS received a call from MCCLINTON, who said his source of supply was already on scene and ready. Upon arrival at the meet location, investigators observed MCCLINTON standing outside the residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212, speaking with approximately four unidentified subjects.  The CS called MCCLINTON and directed him to the UC's vehicle. MCCLINTON entered the rear passenger compartment of the UC vehicle.  At this time, MCCLINTON gave UC#1 a torn brown grocery bag, containing a tan chunky substance suspected to be fentanyl, in exchange for UC#1 giving MCCLINTON the pre-recorded DEA funds. After the transaction, MCCLINTON exited the UC vehicle and returned to the group of unidentified subjects standing in front of 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin.

5

12. Investigators subsequently observed the **SUBJECT VEHICLE** park on the east side of the street and MCCLINTON walk toward the **SUBJECT VEHICLE**. Although investigators could not see if MCCLINTON entered the **SUBJECT VEHICLE**, moments later, they saw him walk from the area of the **SUBJECT VEHICLE** back to the group of unidentified subjects standing in front of 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212. After the **SUBJECT VEHICLE** departed the location, investigators followed it to an apartment complex located at 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212, where a black male, who investigators recognized as Dontrell D. DOLTON (B/M, DOB: 04-28-1989), exited the driver's side of the **SUBJECT VEHICLE** and entered the apartment complex. Based on a comparison of several booking photographs of DOLTON maintained by the Milwaukee Police Department and images capturing the person observed driving the **SUBJECT VEHICLE** following the controlled purchase on February 17, 2026, your Affiant believes DOLTON was the person who was operating the **SUBJECT VEHICLE** on this occasion. DOLTON was previously convicted in Milwaukee County, Wisconsin of the felony offense of manufacture/deliver heroin (< 3g) (case no.: 2023CF003644). DOLTON is currently on active community supervision.

13. After the controlled purchase, UC#1 provided the suspected fentanyl, which weighed 25.9 grams, to investigators. Investigators subsequently conducted a Narc II field test on the suspected fentanyl, which yielded positive results for fentanyl. Based on the foregoing events, your Affiant believes the operator of the **SUBJECT VEHICLE** (i.e., DOLTON) on February 17, 2026 had collected the proceeds from MCCLINTON's sale of the suspected fentanyl sold to the CS, and was thus facilitated the distribution of the suspected drugs.

6

14.     On Monday February 23, 2026, your Affiant had UC#1 and UC#2 conduct a controlled purchase of fentanyl from MCCLINTON.  UC#1 text messaged MCCLINTON at phone number 414-644-2328 to arrange the purchase of an ounce of fentanyl. MCCLINTON directed UC#1 to meet near the residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212.  Your Affiant provided UC#1 with pre-recorded DEA funds to buy the fentanyl. Before arriving at the meet location, UC#1 received a call from MCCLINTON, who said the source of supply was delayed. UC#1 and UC#2 staged at a nearby location. Approximately 30 minutes later, investigators observed DOLTON driving the **SUBJECT VEHICLE** northbound on N. Dr. William Finlayson Street and ultimately park in front of the residence located at 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212. Investigators observed MCCLINTON walk from the residence to the **SUBJECT VEHICLE**'s driver's-side window where he appeared to conduct a hand-to-hand transaction.  After this transaction, DOLTON departed the location in the **SUBJECT VEHICLE**.  Investigators who followed DOLTON subsequently observed him conduct what appeared to be another hand-to-hand transaction with an unidentified subject.

15.     MCCLINTON then texted UC#1 that MCCLINTON was ready.  UC#1 and UC#2 drove to 2848 N. Dr. William Finlayson Street, Milwaukee, Wisconsin 53212.  Upon UC#1 and UC#2's arrival, MCCLINTON entered the UC vehicle's back seat compartment where he exchanged a clear plastic sandwich bag, containing a tan powdery substance suspected to be fentanyl, for the pre-recorded DEA funds

16.     After MCCLINTON exited the UC vehicle, investigators observed MCCLINTON walk to the side of the residence located at 2848 N. Dr. William Finlayson Street.  Moments later,

7

investigators observed DOLTON in the **SUBJECT VEHICLE** park in front of 2848 N. Dr. William Finlayson Street. Investigators observed MCCLINTON walk to the **SUBJECT VEHICLE**'s driver's side window and hand DOLTON what appeared to be U.S. currency. After this transaction, DOLTON departed from the location in the SUBJECT VEHICLE, and MCCLINTON walked into the gangway of 2848 N. Dr. William Finlayson Street.

17.     After the controlled purchase, UC#1 provided the suspected fentanyl, which weighed 25.7 grams, to investigators.  Investigators subsequently conducted a Narc II field test on the suspected fentanyl, which yielded positive results for fentanyl.  Based on the foregoing events, your Affiant believes the operator of the **SUBJECT VEHICLE** had supplied MCCLINTON the suspected fentanyl that was sold to UC#1 on February 23, 2026.

18.     Based on training and experience, your Affiant knows that street-level drug dealers depend on drug source of supply for their ongoing illicit distribution activities.  Specifically, a street-level drug dealer will obtain an amount of narcotics from a mid-level drug dealer, and after the drug transaction, the street-level drug dealer will keep a small amount of the drug proceeds while giving the remainder of the drug proceeds to the source of supply.  During each of the controlled buys of fentanyl detailed above, investigators observed the **SUBJECT VEHICLE** appear at the location where the controlled buys occurred.  Specifically, before the controlled buys on February 2, 2026 and February 23, 2026, investigators observed MCCLINTON meet with the occupant(s) of the **SUBJECT VEHICLE**.  After each of the controlled drug buys, investigators observed MCCLINTON again meet with the occupant(s) of the **SUBJECT VEHICLE**. Therefore, based on training, experience, and the behavior exhibited during the controlled buys of fentanyl, your Affiant believes that DOLTON, who investigators determined was the driver of the **SUBJECT VEHICLE**, was MCCLINTON's likely fentanyl source of supply.  On each occasion,

8

DOLTON used the **SUBJECT VEHICLE** to facilitate the distribution of the fentanyl to either the CS or the UCs.

<u>**AUTHORIZATION REQUEST**</u>

19.     Your Affiant is requesting the court authorize the placement of a GPS tracking device on a gold Mitsubishi Galant, bearing Wisconsin plates numbered AVK-4522 (hereinafter "**SUBJECT VEHICLE**").   Your Affiant believes the use of a GPS tracking device on the **SUBJECT VEHICLE** will obtain valuable information that could be used as evidence for the possible crimes of distribution and possession with intent to distribute controlled substances, and conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

20.     Investigators have observed the **SUBJECT VEHICLE** parked at 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212.   Your Affiant believes, based on the foregoing, that the **SUBJECT VEHICLE** is presently within the Eastern District of Wisconsin.

21.     In order to track the movement of the **SUBJECT VEHICLE** effectively and to decrease the chance of detection, law enforcement seeks authorization to place a tracking device on the **SUBJECT VEHICLE** while it is in the Eastern District of Wisconsin. Because the **SUBJECT VEHICLE** has recently been observed parked at 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212, it may be necessary to enter onto private property and/or move the **SUBJECT VEHICLE** to affect the installation, repair, replacement, and removal of the tracking device.

22.     To ensure the safety of the executing officers and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. Your Affiant knows through training

9

and experience that DTO suppliers are often surveillance conscious and possess weapons. Your Affiant also requests delayed notice of 180 days for this warrant for the same reasons. Finally, your Affiant requests permission to enter the **SUBJECT VEHICLE** in order to install the device contemplated here. Law enforcement will not enter the **SUBJECT VEHICLE** to install the device unless such entry is ultimately required to effect installation.

23. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period not to exceed 45 days following issuance of the warrant. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## CONCLUSION

24. Based on the foregoing, I request that the Court issue the search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes law enforcement, including but not limited to your affiant and technicians assisting in the above-described investigation, to install a tracking device on the **SUBJECT VEHICLE** within the Eastern District of Wisconsin within 10 days of the issuance of the proposed warrant; to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **SUBJECT VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter onto the property located at 3317 N. Dr. Martin Luther King Drive, Milwaukee, Wisconsin 53212 and/or move the **SUBJECT VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the Eastern District of Wisconsin.

10

25.    In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant until after the end of the authorized period of tracking (including any extensions thereof) for a period of 180 days because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.